No. 34,584

MINNIE YARBERRY, *Appellant*, v. A. E. HERTZLER, *Appellee*.

(100 P. 2d 629)

Opinion filed April 6, 1940.

*T. M. Flick,* of Kingman, and *A. M. Downer,* of Dodge City, for the appellant.

*Ezra Branine, Alden E. Branine, Fred Ice,* all of Newton, *Ralph T. O'Neil, J. D. M. Hamilton, Barton E. Griffith* and *Peter F. Caldwell,* all of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when defendant performed an operation upon plaintiff. Judgment was for defendant, sustaining a demurrer to the evidence of plaintiff. Plaintiff appeals.

The petition alleged that defendant performed an operation upon plaintiff on May 9, 1934, for the removal of a part of her uterus, and that in performing the operation he used his instruments in a careless and negligent manner so as to cut an opening into the bladder of plaintiff; that plaintiff had had other operations to close this opening in her bladder, but without success, so there was a constant stream of urine from her bladder through her vagina onto her body and she had been damaged to the extent of $20,000.

The answer of the defendant was a general denial. Plaintiff testified about having had the operation performed and about a catheter being placed in her bladder; that defendant had told her a fistula had developed as a result; and that urine continually passed from her bladder and that three other doctors had operated on her in an attempt to close this opening, but had been unable to do so. Plaintiff then offered the testimony of a doctor and attempted to qualify him as an expert witness. At this stage in the trial plaintiff had not established any negligence on the part of defendant. After some preliminary questions were asked this doctor, the defendant asked permission to cross-examine and did cross-examine at considerable length as to his experience in this type of operation, his general medical education and his general opportunities to observe such operations. At the conclusion of this somewhat extended cross-examination, the trial court announced that he would hold the witness to be qualified to testify. The defendant then asked permission to put in some testimony. This permission was granted, whereupon a doctor from Newton took the stand and testified in answer to hypothetical questions that in his opinion the doctor whose testimony had been offered was not qualified to testify on the matters at issue in this case. After an extended examination and cross-examination of this doctor, the court found that the doctor was not qualified to answer the hypothetical questions that would be submitted to him and was not competent as a

witness, and sustained the objections of defendant to the admission of this testimony, whereupon the plaintiff made the following tender of proof:

"Comes now the plaintiff and states that if the witness, Dr. J. W. Young, had been permitted to testify, he would testify as follows:

"There would have been propounded to him a hypothetical question reading as follows:

"Doctor, assume that a woman fifty-two years of age, approximately five feet two inches tall and weighing about 140 pounds, who has not experienced child-birth for sixteen years, and who has a sound, healthy bladder and natural control over the discharge of her urine, submits to a hysterectomy operation for the removal of the uterus, which operation covers a period of about two and one-half hours and that upon regaining consciousness she finds a retention catheter in her bladder, which catheter is removed approximately fifteen days after the operation, showing that the urine escapes in an unnatural manner from the bladder through the vagina and shows a fistula on the bladder, and assuming that blood is discharged through the catheter the afternoon following the performance of the operation.

"Do you have an opinion as to what caused the fistula, to which the witness would have answered, that in his opinion the fistula was caused by a puncture of the bladder by the defendant, Doctor Hertzler, in the performance of the operation. and that the puncture was caused by a surgical instrument. That the witness would have further testified that doctors and physicians in and about the vicinity of Halstead, Kan., do not commonly and ordinarily puncture the bladder in the performance of a hysterectomy or vaginal hysterectomy operation, and that if in the performance of such operation, a bladder is punctured, it is ordinarily the result of carelessness in the performance of the operation."

This offer was again refused by the trial court.

The defendant then interposed a demurrer to the evidence of plaintiff, and this demurrer was sustained and plaintiff has appealed.

She assigns as specifications of error that the trial court erred in sustaining the objections of defendant to the testimony of Doctor Young and that the trial court erred in sustaining the demurrer to the plaintiff's evidence.

At the outset, plaintiff states that unless the evidence of the doctor was admissible then the demurrer to the evidence was properly sustained. No motion for a new trial was filed in this case and no showing was made as to what the evidence of the doctor would have been had he been permitted to testify; that is, no affidavit was furnished the trial court as to what this evidence would have been nor did the doctor testify so that the court could know what it would have been.

The defendant argues that since this evidence was not furnished the trial court the question of whether it was error to refuse to permit this witness to testify cannot be raised on appeal.

Plaintiff argues here that since a ruling of the trial court on a demurrer to the evidence is an appealable order, which everybody admits, then a motion for a new trial was not necessary in order to make that order appealable—hence this court will examine questions of erroneous exclusion of evidence when considering the appeal from an order sustaining a demurrer to the evidence. There are some early authorities that tend to lend a little weight to this argument. However, the recent authorities are all to the contrary. The doctrine was expressly repudiated in *Jett-Wood Central Mercantile Co. v. Pringle,* 128 Kan. 159, 277 Pac. 37. There the early cases which had stated that the court would consider questions of the exclusion of evidence in considering a ruling on demurrer to the evidence, even though no motion for a new trial had been filed, were reviewed, and this court held as follows:

"An error in excluding evidence is not reviewable on appeal unless such excluded evidence has been produced and presented to the trial court by affidavit or otherwise at the hearing of the motion for a new trial, and this rule applies under R. S. 60-3004 in cases where a demurrer to the evidence has been sustained." (Syl. ¶ 2.)

To the same effect is the holding of this court in *Walker v. S. H. Kress & Co.,* 147 Kan. 48, 75 P. 2d 820. There the court was considering a cross-appeal. On the question we are considering this court said:

"This brings us to a consideration of the excluded evidence. As to a portion of such evidence we are obliged to first inquire whether the mere fact that plaintiff has a right of review, relieves her from the duty of presenting the excluded evidence to the trial court in such form as to enable that court and this court to intelligently pass upon its admissibility. Obviously it does not. The evidence of the witness must either be contained in the record of the trial, or be produced in support of a motion for a new trial by affidavit of the witness or by an oral examination of the witness unless the evidence be documentary or by deposition. (*Bank v. Seunier,* 104 Kan. 7, 8, 178 Pac. 239; *Cole v. Drum,* 109 Kan. 148, 150, 197 Pac. 1105.) In the instant case we do not have before us the examination of the witness, Roundtree, together with the rulings thereon, nor do we have her affidavit of what her testimony would have been had she been permitted to testify. We simply have a statement of her counsel to the court of what he hoped to prove by the witness. Such general proffer is not a sufficient basis for appellate review in criminal or civil cases. (*Elliott v. Oil Co.,* 106 Kan. 248, 251, 187 Pac. 692; *State v. Ball,* 110 Kan. 428, 432, 204 Pac. 701; *State, ex rel., v. Wright,* 140 Kan. 679, 683, 684, 38 P. 2d 125.)" (p. 56.)

(See, also, *Carson v. City of Wichita,* 148 Kan. 215, 80 P. 2d 1114.)

This is not just an arbitrary rule. There is sound reason for it. In the first place, the trial court should be given a fair opportunity to know just what the witness, whose testimony he is considering, will testify to. This can only be done by having the witness himself take the stand. In the second place, this court should have an opportunity to ascertain whether the testimony offered would have been competent or whether what the witness would have testified to would have been important enough to warrant a new trial. The rule is not harsh. It can be easily complied with and there is no reason why it should ever work an injustice.

It follows the provisions of G. S. 1935, 60-3004, are now so well settled as to not permit of debate.

The judgment of the lower court is affirmed.