No. 38,034

In the Matter of the Estate of Milton R. Regle, Deceased. CORRINE TURNER, *Appellant,* v. W. ROY MUSHRUSH, Executor of the Last Will and Estate of Milton R. Regle, Deceased, and AVAH DEWITT, *Appellees.*

(228 P. 2d 722)

Opinion filed March 10, 1951.

*H. C. O'Reilly,* of Cottonwood Falls, argued the cause and *John E. Wheeler,* of Marion, was with him on the briefs for the appellant.

*Carl Ballweg,* of Cottonwood Falls, and *L. J. Bond,* of El Dorado, argued the cause and *Robert M. Bond,* of El Dorado, was with them on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding to probate a will. In the probate court the will was admitted to probate. On appeal to the district court the will was again admitted to probate. The opponent has appealed.

The petition set out the names of the devisees and legatees and the amount of the estate and stated that at the time of the execution of the will testator was of sound mind and memory and not under any restraint or undue influence. A copy of the will was attached.

A second cousin of testator filed a document she designated as a petition, in which she stated she was one of the heirs of testator and the names of the other heirs. She also stated that for many years prior to his death testator was incompetent and not capable of taking care of his business and not of sound mind and memory and that at the time of the alleged execution of the will he was mentally incompetent and unable to make a will and was neither mentally nor physically capable of looking after his business and that on that account the will should not be admitted to probate.

A hearing was had after due notice and the probate court ordered the will admitted and appointed an executor.

An appeal was taken to the district court. That court found that testator was eighty years of age when he made his will; that for several years prior to its execution he had been in poor health, careless and dirty in his habits and at times forgetful of persons and events. The court further found:

"III

"Mr. Regle was not unduly influenced in the making of his will.

"IV

"Mr. Regle was mentally competent to make a will at the time of its execution.

"V

"At the time of the execution of the will Mr. Regle knew what property he owned and understood what disposition he desired to make of the same."

The court's conclusions of law were that the will was executed in conformity with all statutory requirements and that the probate court properly admitted it. The opponent filed a motion for a new trial and to set aside the findings of fact and conclusions of law, because of abuse of discretion, the court's erroneous rulings in the exclusion of evidence offered by both parties, because the court erred in overruling the demurrer of opponent to the evidence of the proponents of the will, because the decision and findings of fact were contrary to the evidence, because there was no evidence to support the findings of fact and conclusions of law and decisions made by the trial court, because the decision was contrary to the law and for newly discovered evidence. At the hearing of the motion for a new trial the opponent reintroduced the evidence taken at the trial.

At the conclusion of the evidence of the proponents the opponent demurred to it on the ground that it was not sufficient to admit the will to probate and did not establish any of the requirements of law necessary for the admission of the will to probate. This demurrer, as well as the motion for a new trial, was overruled and judgment entered ordering the will admitted—hence this appeal.

The opponent appealed from the order overruling this demurrer and also from the order admitting the will to probate.

The specifications of error are that the court erred in overruling the opponent's demurrer, in its findings of fact and conclusions of law, in failing to grant a new trial, in the exclusion of evidence, in admission of evidence and in rendering judgment in favor of the proponents and against the opponent.

The first argument of opponent is that the court erred in overruling her demurrer to the evidence of the proponents. She points out that in a proceeding to probate a will the burden is upon the proponents to show not only the testamentary character of the instrument but the capacity of testator. She argues there was no evidence whatever offered by the proponents tending to show the testamentary capacity of the testator. This is hardly a correct statement. The two witnesses offered by the proponents were husband and wife. The wife had written the will at the request of testator. They had both been witnesses to it. She testified that she received the information she put in the will from testator that morning; her testimony was that he had another will some other person had drawn for him; that he referred to it and told her changes he wanted made and that he especially referred to the names of some of the devisees and the property he wished to devise.

From her testimony a reasonable inference drawn therefrom is that testator knew what property he had and to whom he wished to leave it and who were the natural objects of his bounty. It would not do to say that this did not constitute some evidence of testamentary capacity. The rule in such cases is as we have stated in any other case where a demurrer to the evidence is being considered. It is only necessary for the party upon whom the burden falls to make a prima facie case, and all evidence will be taken as true and all reasonable inferences drawn in favor of the party upon whom the burden rests. (See In re Estate of Wallace, 158 Kan. 633, 149 P. 2d 595.) Especially is this true where, as in this case,

the demurrer was overruled the protester proceeded to offer evidence as to the lack of testamentary capacity and the proponents met that in rebuttal with additional evidence. The whole proposition was thoroughly threshed out.

The opponent next argues the court erred in its findings of fact and conclusions of law. and decision and judgment. In this connection she argues that the findings of fact are not supported by sufficient evidence and are contrary to the evidence. In this argument she recites a great deal of the evidence offered by the proponents and much that was offered by her. Suffice it to say the trial court might have reached a conclusion other than the one reached here. To say the findings were contrary to the evidence, however, is a different question. The trial court is given the responsibility of hearing the evidence and finding the facts. Stated succinctly, the opponent relies chiefly on the fact that the testator was old and he had some symptoms of senile dementia; that he did not take care of himself, that is, his person was in filthy condition at times; that he lived very frugally, in fact much more frugally than an ordinary reasonable man would wish to live. The opponent asks us to consider all these surrounding facts and circumstances and reach a different conclusion as to the facts than was reached by the trial court. Aside from the many times we have said we would not do this, where there was substantial evidence to sustain the verdict, we have said in the case of *Klose v. Collins*, 137 Kan. 321, 20 P. 2d 494:

"The fact that the testatrix at an advanced age when she executed a will, was childish, feebleminded and forgetful, and had never looked after her own business matters herself, is not in and of itself sufficient ordinarily to render her mentally incompetent to make a valid will."

We have also said in *Ginter v. Ginter*, 79 Kan. 721, 101 Pac. 634:

"The right to make a will includes the right to make it according to the testator's own desires, subject only to the statutory restrictions. It is no condition of this right that the will shall please a jury, or a court, or the testator's relatives, or any one else. The giving of unequal portions to the natural objects of the testator's bounty raises no presumption of undue influence. The fact may be considered in determining the question, Is this the testator's will? But in the absence of proof of undue influence it has no weight." (Syl. 9.)

We also said in *Higbee v. Bloom*, 108 Kan. 723, 196 Pac. 1080:

"In an action to set aside a will on the ground of the mental incapacity of the testator and alleged undue influence exercised by his wife, who was the principal beneficiary, findings of fact considered, and held (following Ginter

v. Ginter, 79 Kan. 721, 101 Pac. 634) insufficient to sustain a judgment setting aside the will on the ground of undue influence, and further held (following Wisner v. Chandler, 95 Kan. 36, 147 Pac. 849), that notwithstanding the testator was 76 years of age and suffered through senile dementia, the provisions of the contested will and the findings showing the circumstances under which it was dictated and executed, establish the mental capacity of the testator immediately before and at the time of its execution."

(See, also, *Barnhill v. Miller,* 114 Kan. 73, 217 Pac. 274; also *Kunkle v. Urbansky,* 153 Kan. 117, 109 P. 2d 71.)

We pass now to the argument of the opponent that the court erred in the exclusion of evidence offered in support of the want of testamentary capacity of the testator. This argument leads to a considerable portion of the record where the opponent offered evidence to the effect that the testator lacked testamentary capacity and the trial court sustained objections to it. There were several instances of this sort. It would not add anything to this opinion to set out each instance.

The first one, however, has to do with the testimony of one Corrine Turner. That portion of the record is as follows:

"Q. From your acquaintance with Mr. Regle and your various visits to him, and especially in the year of 1945 when he made the will, the purported will, do you have an opinion as to whether he was mentally competent at those times?

"Mr. Ballweg: To which we object for the reason it calls for a conclusion of the witness.

"The Court: Objection sustained.

"Q. Do you have an opinion as to whether or not he was mentally competent to make a will. A. Yes.

"Mr. Bond: To which we object for the reason, Your Honor, it is incompetent, irrelevant and immaterial.

"The Court: Objection sustained.

"Q. Do you have an opinion as to whether or not he had sufficient mental capacity to know his relatives at that time? A. Yes.

"Mr. Ballweg: To which we object for the reason it is incompetent, irrelevant and immaterial.

"The Court: Objection sustained."

Counsel for the opponent then called the court's attention to *Kelley v. Kelley,* 158 Kan. 719, 150 P. 2d 347 and to *Mingle v. Hubbard,* 131 Kan. 844, 293 Pac. 513.

These decisions are generally to the effect that on the issue of the testator's mental capacity the testimony of nonexpert witnesses is competent and they may state their judgment as to that capacity on the basis of what they personally observe from their experiences with him.

After the court's attention was called to these cases the record shows the following:

"Q. Do you have an opinion as to whether Mr. Regle had mental capacity to know his property? A. Yes.

"Q. At each and all of the visits.

"Mr. Ballweg: To which we object for the reason it is incompetent, irrelevant and immaterial and calling for a conclusion of the witness.

"The Court: Objection sustained as to the form of the question.

"Q. When you visited him in July of 1945, did you have an opinion as to whether or not he had mental capacity to know his property?

"Mr. Bond: To which we object for the reason it calls for a conclusion and this witness is not qualified to testify; further it is an attempt to testify to transactions with a deceased person.

"Mr. Ballweg: Further, she is an interested party.

"The Court: Objections sustained.

"Q. Do you have an opinion, as to the time of your visit or visits with Mr. Regle in July, 1945, as to whether or not Mr. Regle had mental capacity to know the natural objects of his bounty—what they were?

"Mr. Bond: Same objections.

"The Court: Sustained.

"Q. Do you have an opinion, as to the time of your visit in July of 1945, as to whether Mr. M. R. Regle had mental capacity to know who he would want to leave his property to?

"Mr. Ballweg: We object for the reason it is repetition.

"Mr. Bond: We interpose the same objection as heretofore stated.

"The Court: Objections sustained.

"Q. Do you have an opinion whether or not at the time of your visit with him in July, 1945, he had mental capacity to know what his property consisted of?

"Mr. Bond: Same objection, Your Honor.

"The Court: Objection sustained."

Upon the objection to this being sustained an offer of proof was made.

Laying aside any question as to the competency of this evidence, we are confronted with the proposition that this evidence was not offered in affidavit or any other form to the trial court on the hearing of the motion for a new trial.

G. S. 1949, 60-3004, provides, as follows:

"In all cases where the ground of the motion is error in the exclusion of evidence, . . . such evidence shall be produced at the hearing of the motion by affidavit, deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner."

We have held many times without such a showing a ruling excluding evidence is not reviewable. (See *In re Estate of Casida*, 156

Kan. 73, 131 P. 2d 644; also *Yarberry v. Hertzler,* 151 Kan. 651, 100 P. 2d 629.) We so hold here: We will not review the action of the trial court in sustaining objections to evidence offered by the opponent.

Other specifications of error argued by opponent are examined and found to have been covered by what has already been said.

The judgment of the trial court is affirmed.