No. 38,238

In the Matter of the Estate of JOHN STEWART, Deceased. ALBERT SEATON, Cross Petitioner, *Appellant,* v. FLORENCE E. JONES and CHESTER O. JONES, husband and wife, and EFFIE HASKELL and IRVING MYERS, *Appellees.*

(229 P. 2d 771)

Opinion filed April 7, 1951.

*Walter E. Hembrow,* of Council Grove, argued the cause and *Thomas S. Mackie,* of Council Grove, was with him on the briefs for the appellant.

*Carl A. Ballweg,* of Cottonwood Falls, and *John E. Wheeler,* of Marion, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding to probate a will. An answer

objecting to the probate and a cross petition asking probate of an earlier will were filed. Upon a hearing the probate court ordered the later will admitted to probate. Upon appeal the district court made the same ruling. The opponents of probate of the later will have appealed.

The petition for the probate set out the jurisdictional facts and alleged that the will was written by the testator on November 24, 1948, and testator died on November 16, 1949, leaving an estate of the approximate value of $15,000 and five surviving heirs and at the time of the execution of the will testator had testamentary capacity and was not under any influence. This will left a house and lot to Effie Haskell for life, with remainder at her death to Florence and Chester Jones, husband and wife. The next clause left all the residue to Chester Jones and wife.

An amended answer and cross petition was filed by one Seaton. Seaton alleged the will of November 29, 1948, was not the last will and testament of decedent, but merely an appendage to a contract entered into at the same time the will was written between Mr. and Mrs. Jones and testator. A copy of the contract was attached to the answer.

The answer then alleged that testator at the time of making his will was physically feeble and that the Joneses had exercised coercion and influence upon him at the time he wrote it and that the contract was without consideration. The answer then alleged that Seaton was a nephew of decedent and his wife; that they were childless and decedent and his wife had told him frequently that when they were gone he was to have all their possessions; that he lived with them during the time he was in grade school and high school and spent his summer months there; that it was orally agreed between Seaton and the Stewarts that he was to visit them frequently and perform services for them and in consideration of those services he was to have all the Stewart's property upon the death of the survivor of them and in turn Seaton agreed that he was to continue to perform the services that he had performed in the past. It was further alleged that on July 18, 1921, Stewart executed a will in which he left all of his property to his wife for life and at her death to Seaton in fee; that Cora, the wife, consented to this will and she predeceased her husband.

The petition then contained some allegations that when the Stewarts were first married Mrs. Stewart obtained money from her

mother; that this was the basis of their fortune; that such sum was a further consideration for the contract pleaded between the Stewarts and Seaton; that the will of 1921 was actually the will of both Cora and John Stewart and that in furtherance of the contract they had executed it and Cora died on July 18, 1928, relying upon the faithful performance of the contract.

In his cross petition Seaton alleged that he was the principal beneficiary of the estate under the will of 1921 and prayed that it be admitted to probate and the contract between the Joneses and testator be held null and void and the contract between himself and the Stewarts be enforced. The will of 1921 was attached. In it testator bequeathed all of his property to his wife for life and at her death to Albert Seaton. The agreement between John Stewart, the testator, and the Joneses was also attached. It recited the sickness of Stewart; that he was in need of care and nursing; that the Joneses were willing to take care of him and in return therefor the Joneses were to live with testator in his house and were to take care of him and to receive $15 a month for their services. In addition, testator was to make a will leaving to the Joneses his property, except the life estate in the house and lot to the Joneses. This contract bore the same date as the 1948 will.

The probate court first overruled motions of the proponents of the 1948 will to strike certain portions of the amended answer and cross petition, and then found that the will of November 29, 1948, was duly executed; that at the time of its execution the testator was of sound and disposing mind and memory and under no restraint and that it was his valid and genuine will. The court further found that as to the contract pleaded by Seaton the allegations as to it had not been sustained and that it should not be enforced.

The 1948 will was then decreed to be the last will of testator. Albert Seaton appealed to the district court. It was stipulated that both wills were executed in all respects in the manner provided by law and that at both times testator was a person of sound mind and memory. It was agreed that the issues involved were the questions of undue influence pleaded by Seaton to have been exercised upon decedent prior to the execution of the 1948 will and the enforcement of the contract pleaded between Seaton and the Stewarts.

Seaton introduced evidence to support his allegations of undue influence. Upon completion of it, the proponent's demurrer to it was sustained. Seaton then introduced evidence in support of

his allegations as to the contract and upon completion of it the proponent's demurrer to it was sustained. The trial court thereupon found that Seaton had failed to sustain the burden of proof as to the undue influence and the contract and that the will of November 29, 1948, was valid and should be admitted to probate. Judgment was entered accordingly. Seaton appealed from the order admitting the will to probate and denying the probate of the will offered by him and denying the existence of the oral contract.

His specifications of error are that the court erred in refusing to admit into evidence the contract between testator and the Joneses; in ruling that all evidence proffered as to the alleged oral contract between Seaton and Mr. and Mrs. Stewart was inadmissible; and by holding that the date of the execution of the contract was an essential part of it; and in sustaining the demurrer of the proponent to Seaton's evidence.

Apparently Seaton has abandoned his contention that undue influence was exercised upon testator. At any rate, he does not deal with that at all in his brief. Be this as it may, there is no evidence whatever to sustain such a contention.

Seaton had the burden of proving that the contract between himself and Mr. and Mrs. Stewart was actually entered into and was performed by him.

The first question argued here is that the court erred in refusing to admit the contract between the Joneses and testator in the evidence. He does not make any argument at all on this point and he cites no authorities. We can find no reasonable basis for admitting the agreement nor can we find how it could have affected the issues being tried if it had been admitted.

This contract was attached to the answer and cross petition—hence is available to us. Viewed in its most favorable light for the argument of the opponent of the will, it appears to have been simply a contract to make a will in return for services. It appears that the will followed the terms of the contract. The only bearing it would have had upon the issues of fact being tried, that is, the testamentary capacity of the testator, would have been that it appears to have been a rather provident contract for the testator and as far as this record discloses was carried out. We hold that the opponent of the will was not prejudiced by the court's failure to permit it to be introduced.

Defendant next argues that the court erred in holding that all evidence of the alleged oral contract was inadmissible by reason of

the failure of Seaton to establish the date of the alleged contract within a period of three months. One difficulty about proving or disproving such an issue was that the answer and cross petition pleaded a contractual relationship between Seaton and Mr. and Mrs. Stewart from the time Seaton was a little boy along in the early twenties up until the time the testator died. We have scrutinized the testimony offered by Seaton and admitted in evidence as to this contract, as well as that rejected, and which Seaton argues should have been admitted. Altogether it did not constitute substantial evidence that such a contract was made or that it was performed, even had the rejected evidence been admitted. Furthermore, the evidence proffered by Seaton and which he argues the court erred in not admitting was not offered the trial court on the hearing of the motion for a new trial. Under such circumstances, we will not review the action of the trial court in refusing to admit it. (See *Higbee v. Bloom*, 108 Kan. 723, 196 Pac. 1080; *In re Estate of Casida*, 156 Kan. 73, 131 P. 2d 644; also *Yarberry v. Hertzler*, 151 Kan. 651, 100 P. 2d 629; also *In re Estate of Regle*, 170 Kan. 558, 228 P. 2d 722.)

The judgment of the trial court is affirmed.