No. 39,035

Les Gillen, an individual, doing business as Gillen Lumber Company, *Appellee*, v. L. W. Stangle and C. M. Knott, a Partnership, doing business under the style and firm name of Stangle & Knott, C. M. Knott, *Appellant*.

(264 P. 2d 1079)

Opinion filed December 12, 1953.

*Earl C. Moore*, of Wichita, argued the cause, and *Otto J. Koerner*, of Wichita, was with him on the briefs for the appellant.

*John H. Gerety*, of Wichita, argued the cause, and *Sidney L. Foulston, Enos E. Hook*, and *Sidney L. Foulston, Jr.*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action to recover on a verified account for lumber and other material furnished by plaintiff to defendant. Plaintiff prevailed and defendant appeals.

Plaintiff alleged in his amended petition that he was doing business under the name of Gillen Lumber Company; that the defendants were partners in the building business, operating under the name of Stangle and Knott; that defendants ordered lumber and materials from the plaintiff between the dates of May 29 and August 2, 1950, in the aggregate sum of $2,251.37; plaintiff demanded payment of the mentioned sum which was refused by defendants. An itemized statement was attached to plaintiff's petition showing the dates and places of the delivery of the goods, setting forth the amount of each purchase. The petition was duly verified. Service of process was had on defendant Knott, but there was no service on Stangle.

Defendant Knott's motion to make the petition more definite and certian was overruled. He then filed a verified denial to plaintiff's petition, alleging therein that if any property was delivered to him as an individual or as a partner, the same had been paid for in full. On the issues thus framed, a jury was waived by the parties and the action was tried by the court. Evidence was presented by the respective parties and the cause was submitted to the court. Subsequently the trial court made findings of fact and entered judgment in favor of the plaintiff for the amount prayed for in his petition. Defendant Knott filed his motion for a new trial on specified grounds, which was overruled. It is from this order he appeals to this court, asserting three specific grounds as error. He first contends the court erred in overruling his motion to make plaintiff's petition more definite and certain.

G. S. 1949, 60-741 provides that when the allegations of a pleading are so indefinite and uncertain that the nature of the charge or defense is not apparent, the court or judge may require them to be made definite and certain by amendment. We long ago announced the rule of this court with respect to when a motion to make a petition more definite and certain will lie. In *Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590, we held:

"The motion to make definite and certain lies only when the pleading attacked is so indefinite and uncertain that the nature of the charge or defense is not apparent. (Civ. Code, § 122 [G. S. 1949, 60-741].) This does not mean indefinite and uncertain according to the refinements and technicalities of the common-law system of pleading, and a pleading is sufficient as against the motion which fairly apprises the adversary of what the claim or defense is." (Syl. ¶ 1.)

And said:

"The motion to make definite and certain is available when the pleading is so indefinite and so uncertain that the nature of the charge or defense is not apparent. (Civ. Code, § 122 [G. S. 1949, 60-741].) In the early days of the code, while the courts still rested under the spell of the refinements and technicalities of the common-law system of pleading, the motion to make definite and certain was a formidable weapon, because definiteness and certainty then meant dividing between the north and northwest portions of a hair. The true meaning of the code expression, 'so indefinite and uncertain that the nature of the charge or defense is not apparent,' was not grasped. Now that pleadings are regarded according to their true purpose of fairly apprising the adversary of what the claim is to be, the function of the motion is much restricted. . . ." (p. 257.)

This rule has been reiterated on numerous occasions and even as late as *Morris v. Dines Mining Co.*, 174 Kan. 216, 221, 256 P. 2d 129, where the more recent cases are cited. Moreover, it is a long standing rule of this court that a motion to require a plaintiff to make his petition more definite and certain by setting out facts which are evidentiary in their nature is properly denied where the ultimate facts to be proved are alleged. An order of the trial court requiring plaintiff to make his petition more definite and certain in some particulars is one within the sound discretion of the trial court, from which ordinarily no appeal will lie. (Dassler's Kansas Civil Code, 2nd Ed., p. 331, § 15; *Estes v. Tobin Construction Co.*, 159 Kan. 322, 153 P. 2d 939; *Lessley v. Kansas Power & Light Co.*, 171 Kan. 197, 201, 202, 231 P. 2d 239; 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 18.)

We have examined the plaintiff's petition and defendant's motion lodged thereto, and find that the petition fully apprised the defendant of the plaintiff's claim and cause of action, and met the requirements of G. S. 1949, 60-704 pertaining to the contents of a petition. The trial court did not err in overruling defendant's motion.

Defendant next contends the trial court erred in limiting his cross-examination of the plaintiff. We find nothing in the abstract of record in this case to indicate that the trial court limited the cross-examination of the plaintiff.

Defendant next contends that the court erred in refusing defendant permission to introduce certain testimony at the trial of the cause, and upon the hearing of the motion for new trial. From an examination of defendant's abstract, we are unable to determine what evidence, if any, was excluded by the court at the hearing of the case or upon the hearing of the motion for new trial. It is a

familiar rule of law that where one complains of the ruling of the lower court in excluding evidence, he must preserve his record and present the excluded evidence in the manner prescribed by the code of civil procedure (G. S. 1949, 60-3004) so as to inform the court what the gist of the evidence will be by affidavit, deposition or oral testimony. Otherwise, the trial court or this court on appeal cannot determine whether the testimony is admissible. In *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 56, 75 P. 2d 820, we held:

"This brings us to a consideration of the excluded evidence. As to a portion of such evidence we are obliged to first inquire whether the mere fact that plaintiff has a right of review, relieves her from the duty of presenting the excluded evidence to the trial court in such form as to enable that court and this court to intelligently pass upon its admissibility. Obviously it does not. The evidence of the witness must either be contained in the record of the trial, or be produced in support of a motion for a new trial by affidavit of the witness or by an oral examination of the witness unless the evidence be documentary or by deposition."

See, also, *Yarberry v. Hertzler*, 151 Kan. 651, 100 P. 2d 629.

In the instant case we do not have before us the testimony of any witness, nor do we have any affidavit of what the testimony of any witness would have been, had such witness been permitted to testify.

A presumption of validity attaches to a judgment until the contrary is shown, and the burden of establishing its invalidity is, of course, on those alleging it. Assuming the defendants are rightfully here on appeal, we are compelled to hold that in view of the entire record it has not been made affirmatively to appear that the judgment of the lower court is erroneous. (*State, ex rel., v. Rural High School District No. 3*, 169 Kan. 671, 677, 220 P. 2d 164; see, also, G. S. 1949, 60-3317.)

It follows that the judgment of the trial court is affirmed.