No. 33,560

WILLIAM A. SCHAUNER, *Appellee*, v. THE WICHITA SPORTING GOODS COMPANY, *Appellant*.

(73 P. 2d 1023)

Opinion filed December 11, 1937.

*Austin M. Cowan, C. A. McCorkle, Robert H. Nelson* and *Eugene G. Coombs,* all of Wichita, for the appellant.

*Joe T. Rogers* and *James A. Conly,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this action is by the defendant from orders of the trial court overruling its motion to strike the plaintiff's second amendment and overruling defendant's demurrer to the petition as amended.

The original petition in the action filed by the plaintiff on June 16, 1936, was to recover from defendant the sum of $2,640 for services rendered defendant in traveling in order to sell defendant's goods and for the use of plaintiff's automobile for a distance of 88,000 miles

at the rate of five cents per mile, part of which consideration was paid, but leaving a balance of $2,640 unpaid. The petition was verified by the plaintiff, and the essential portion of it, omitting the preliminary and concluding parts, is as follows:

". . . the plaintiff, entered into an oral contract whereby it was agreed that the plaintiff would use his automobile in the prosecution of the defendant's business in selling its goods and soliciting customers for said defendant, and in so doing did travel and drive his automobile throughout the trade territory and for which the plaintiff was to receive the sum of five cents per mile gross and out of said sum said plaintiff should pay his own gasoline and oil and in addition thereto said corporation would pay for his hotel bills. That on or about June 1, 1930, the plaintiff began the prosecution of said business for the defendant corporation and continued in the same until about the 1st day of March, 1933, when the said contract was orally terminated."

Defendant first attacked this petition with a motion to make it more definite and certain as to when and where the 88,000 miles were claimed to have been traveled and also to make definite and certain the items and time of the amounts paid. This motion was sustained, and the plaintiff filed an unverified amendment to the petition simply stating that exhibit A, attached to the amendment, showed the miles traveled. Exhibit A showed that the plaintiff visited certain towns, naming them, and also naming the people upon whom he called between the dates of June 30, 1930, and August 19, 1930, and showed a total mileage of 2,444 miles. It will be noticed that while the petition covered a period from June 1, 1930, to March 1, 1933, that the exhibit attached to the amended petition covered only a period of about fifty days and something more than 2,000 miles instead of 88,000 named in the petition. The defendant filed another motion to require compliance with the ruling on the former motion, and plaintiff on the hearing of this second motion by leave of court struck out all references in the original petition to payments made, and the court overruled this second motion of defendant for compliance, using the following language in the journal entry:

". . . said motion should be overruled for the reason that the plaintiff has heretofore complied with the former ruling of the court and has by exhibit A shown all the miles traveled by plaintiff. . ."

A demurrer to the amended petition was then filed on the ground of the action's being barred by the three-year statute of limitations, the contract and services having terminated on March 1, 1933, and the original petition having been filed on June 16, 1936. The demurrer was sustained. The plaintiff then by leave of court filed his

second amended petition which was not verified, and omitting the formal parts, it is as follows:

". . . and states and alleges that the itemized statement of the miles traveled by the plaintiff herein is attached hereto as 'Exhibit A' and that the plaintiff herein traveled the same mileage in the years 1930, 1931, 1932, 1933 and 1934, and such itemized statement is pleaded as the itemized statement of the mileage traveled by the plaintiff for the aforesaid years of 1930, 1931, 1932, 1933 and 1934."

Defendant moved to strike the second amendment, which motion was overruled by the court, and defendant then filed its demurrer to the petition as amended on the grounds that it failed to state facts sufficient to constitute a cause of action, which demurrer was overruled, and from the last two rulings the defendant appeals.

We are not assisted by a brief from the appellee giving his views and reasons in support of the rulings made by the trial court in his favor on the last motion and demurrer, but we are inclined to the view that the trial court considered the allegations in the second amended petition as to mileage traveled by plaintiff during the years 1933 and 1934 as superseding the allegation of the original petition which fixed March 1, 1933, as being the end of the period of travel by the plaintiff for the defendant. If the reference to March 1, 1933, in the petition was simply given as the date plaintiff ceased traveling for defendant, the amendment in the second amended petition as to his having traveled the same distance in each of the years 1933 and 1934 as he did in 1930, which was 2,444 miles, would naturally come under the rule of the last of two inconsistent allegations superseding the earlier one.

In the case of *K. P. Rly. Co. v. Kunkel,* 17 Kan. 145, the original petition for breach of a contract gave March 20 as the date of the breach, while in the amended petition the date was given as August 18 of the same year. The action would have been barred under the former date, but not under the latter, and the latter date superseded the former. In that case, however, a complete, new petition was filed to take the place of the original petition. The matter of allegations in amended pleadings superseding those in former pleadings is treated in 21 R. C. L. 587. (See, also, *Long Bros. v. Hubbard,* 6 Kan. App. 878, 50 Pac. 968; *Burger v. First Nat'l Bank,* 124 Kan. 23, 257 Pac. 979; and 49 C. J. 558.)

Even on this theory of the new dates of later travel superseding the earlier named end of such services, March 1, 1933, we have the confusion of the same number of miles traveled during each of the

five years named in the last amendment when compared with the finding of the court as to the first amendment that exhibit A shows all the miles traveled by the plaintiff that would be for the period of nearly three years.

But there is a more serious feature about the date of March 1, 1933. That date in the original petition may be intended very properly to represent the end of the travel period, which, as above stated, might be superseded by the last two dates in the second amended petition, but those dates cannot reach the allegation of the contract being on that day "orally terminated." If the contract was terminated orally on March 1, 1933, the plaintiff would not be entitled to collect for mileage traveled thereafter. This is an action upon a contract, and unless the travel of those dates, 1933 and 1934, comes within the terms of the contract there can be no recovery therefor. Besides, if the last amendment is thought to make the work of each year a separate contract, all prior to the year 1934 is barred by the statute of limitations. (See *Spencer v. Sowers,* 118 Kan. 259, 234 Pac. 972.)

The fact that the inconsistency and doubtful import here experienced results from the use of language employed by the plaintiff makes the plaintiff responsible to a reasonable extent for any necessary construction made thereof against his interest, as was held in *Beadle v. K. C., Ft. S. & M. Rld. Co.,* 48 Kan. 379, 29 Pac. 696:

"When the language of a petition is of doubtful import and it is challenged before trial by a demurrer, the rule is to construe the pleading against the pleader, upon the ground that, as he himself selects the language, he should make his meaning clear. (*Draper v. Cowles,* 27 Kan. 484, cited and followed.)" (Syl.)

Besides, this dubious and confusing language was called to the attention of the plaintiff and the court by three motions before the presentation of the last demurrer: First, the motion to make more definite and certain; second, the motion to require plaintiff to comply with the order of the court sustaining the first motion; and third, to strike said second amendment because of its failure to make the pleadings definite and certain. Such doubtful language and inconsistencies in the allegations of the petition and two amendments thereto make the sustaining of a general demurrer thereto proper, especially after the attention of the plaintiff has been called to the situation and he has failed to make the pleadings definite and certain.

In *Mergen v. Railroad Co.*, 104 Kan. 811, 180 Pac. 736, it was held:

"After a motion to make certain allegations of a petition more definite and certain has been overruled, such pleading cannot, in respect to such allegations, be upheld as against a general demurrer unless it fairly states a cause of action without resort to inferences or the construction of doubtful language." (Syl.)

In *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965, it was held:

"While the general rule is that where a general demurrer is filed to a petition, no motion to make more definite and certain having been presented, the demurrer should be overruled if the facts stated constitute a cause of action, whether well pleaded or not, and inconsistent causes of action do not render a pleading demurrable, a different rule must be applied where plaintiff, as a result of procuring rulings favorable to him, defeats every effort of the defendant to ascertain on what theory he founds his cause of action; and in such case, if the petition is not drawn upon a single and definite theory or there is such a confusion of theories that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient, and a demurrer thereto should be sustained." (Syl. ¶ 2.)

In *Brunsilius v. Farmers & Merchants State Bank*, 143 Kan. 148, 53 P. 2d 476, it was said:

"The rule is well settled that when a motion to make a petition more specific, definite and certain is resisted by the pleader and overruled the petition cannot be upheld as against a general demurrer unless it fairly states a cause of action without resort to inferences which may be drawn from the construction of doubtful language." (p. 150.)

In the case of *State Highway Comm. v. American Mut. Liability Ins. Co.*, 146 Kan. 187, 70 P. 2d 20, it was held:

"Where timely motions are leveled against a petition, and these are resisted by plaintiff and overruled by the court, the sufficiency of such petition is to be strictly construed when tested by demurrer thereafter lodged against it. . . ." (Syl. ¶ 2.)

Under the circumstances of this case, as above enumerated, and on the authorities above cited, we think the demurrer of the defendant to the petition as amended should have been sustained.

The judgment is reversed and the cause is remanded with directions to sustain the demurrer.