No. 34,150

ROBERT D. DODD, *Appellee*, v. WILSON & COMPANY, INCORPORATED, OF KANSAS, and ROBERT M. RICKEY, *Appellants*.

(88 P. 2d 1116)

Opinion filed April 8, 1939.

*Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks,* all of Kansas City, and *A. K. Gembick,* of Chicago, Ill., for the appellants.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages. Defendants' demurrer to plaintiff's petition was overruled and defendants appeal.

Defendants operate a packing house. Plaintiff was employed in the packing house.

After the formal allegations, the petition alleged that among other departments operated by defendants was a freezer room; that plaintiff worked in this freezer room from May, 1933, to July, 1935, and that at the time he started to work he was in good health; that this room was lined with cork, the only opening was a door about four by eight feet, at all times kept closed except for the purposes of ingress and egress; that there was no method used by defendants for ventilating this room and it was constantly filled with dead air; that the room was particularly set off for the care of livers; that these livers were brought in and placed on a table about two feet high; that this table was continually played upon by a current of air from an electric fan to aid in freezing the livers, and the temperature of the room was kept at fourteen to twenty-eight degrees below zero;

and that plaintiff worked in the current by the fan. The petition then contained the following allegation:

"That the aforesaid method was the one used by said defendants at all times during the time which plaintiff was employed, and had been discarded by all packing houses engaged in the same line of business for many years prior to the time when the plaintiff was required to work therein. That said system was dangerous to the health of persons working therein and said defendants knew that fact."

The petition then alleged that plaintiff was required to pass from this room into an adjoining room where the temperature was from twenty to thirty degrees above zero; that part of his work was performed in the first room, and part in the other, and further alleged, as follows:

"And plaintiff in one room was required to and did use his heavy winter clothes, and when in the room with a higher temperature he was constantly subjected to alternate heating, and when returning to the room of lower temperature, to freezing, all of which subjected him to an alternate freezing and overheating of his body, and sudden and abrupt changes in temperature, and sudden and abrupt changes in the conditions of the air and of the surroundings in which he was required to work, all of which was well known to said defendants and complaint was made by this plaintiff to the defendant, its agent, servant and employee and vice-principal."

The petition then alleged that as a direct and proximate result of the work he was required to do under the conditions described plaintiff became diseased in his respiratory system, bronchial tubes, throat, and lungs, and as a result of these things contracted consumption, and became a confirmed invalid, and that plaintiff contracted sinus rheumatism and his general health and bodily system had been lowered and devitalized. The petition then contained the following allegation:

"That said defendants carelessly and negligently employed a system not adaptable to the conditions and not of the kind or character used by other packing houses engaged in the same line of business, and caused and permitted, and by the very conditions under which plaintiff was compelled to work, the air in said room was devitalized and dead, depleted of its oxygen, and said defendants carelessly and negligently caused, required and insisted upon plaintiff working in front of the current of air generated by the electric fan, which said defendants knew, or by the exercise of ordinary care should have known, tended greatly to lower the body temperature of the plaintiff, and said defendants carelessly and negligently required plaintiff to pass from a very low temperature room with devitalized air, heavily clothed, into a higher temperature room, the effect of which was to cause immediate and intense changes in bodily temperatures, and by reason of the conditions under which plaintiff was com-

pelled to work, the clothing he was compelled to wear and required to wear in both rooms, without opportunity of changing, when passing from one to the other, he was particularly susceptible to quick body temperature changes, and said defendants carelessly and negligently failed to furnish a reasonably safe place in which plaintiff was required to work, and carelessly and negligently directed plaintiff to work therein, upon the assurance communicated by its agent, servant employee and vice-principal, Robert M. Rickey, that it was a safe place to work, and believing said assurances and relying thereon, and believing that the said conditions would not affect his general health, plaintiff continued to work, and said defendants at said time knew, or by the exercise of ordinary care and prudence could and should have known, that the condition under which the plaintiff was required to work would cause the condition from which he now suffers, and that the system used by them was old, worn and out of date, and that said defendants took no precautions for the safety of the plaintiff, or for the determination of the condition of his health, or to notify him of the dangerous conditions and circumstances under which he was required to work, as that by reason of all of which and as a direct and proximate result thereof, . . ."

When this petition was first filed defendants filed a motion to require the plaintiff to make his petition definite and certain—first, by stating his true place of address, and, second, by setting forth in what manner plaintiff claimed that the place of business of defendants was antiquated, and the particular character of the equipment which the plaintiff claimed should have been used by defendants.

This motion was sustained as to the first ground and overruled as to the second. As to the grounds of negligence relied upon by plaintiff, the allegations of the amended petition, which have been noted here, were the same as those of the petition at which the above motion was directed.

Defendants demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants. This demurrer was overruled. The defendants elected to stand on their demurrer and appeal.

It will be noted that plaintiff is claiming damages because he contracted a disease while working for defendants.

Defendants argue here that there is a confusion of theories in the petition in that it is not clear whether the plaintiff sued because he contracted an occupational disease or on a common-law cause of action for negligence.

In his brief plaintiff takes the position that the petition is based upon the fact that plaintiff contracted an occupational disease by reason of the negligent acts of defendants in not furnishing him a

safe place in which to work, in that it required plaintiff to work in front of a current of air generated by an electric fan, and required him to pass from a room with a low temperature and devitalized air to a room with a high temperature, and that the method used in the handling of the work done was out of date and not used by any other person or company in a like business.

It should be noted that this is not a workmen's compensation case. No statute confers on an employee a right to recover damages from his employer on account of having contracted a disease while working.

Our first question is, Did defendants owe plaintiff a duty and is it sufficiently alleged that defendants violated that duty? This question was ably discussed in *Allen v. Shell Petroleum Corp.,* 146 Kan. 67, 68 P. 2d 651. In that case a workman around an oil refinery brought an action for damages because his employers had not furnished him a safe place to work and he had inhaled vapors and fumes until he became ill and was damaged. In discussing the liability of the employer this court said:

"It follows defendant's duty to furnish safe working conditions is not absolute. The employer is not an insurer. (*L. & N. R. Co. v. Wright,* 183 Ky. 634; *McCreery v. Libby-Owens-Ford Glass Co.,* 363 Ill. 321, 2 N. E. 2d 290 [for scope of doctrine, knowledge of employer and limitation on duty to warn, see annotation to that case, 105 A. L. R. 80]; *M. T. Stevens & Sons Co. v. Daigneault,* 4 F. 2d 53; *Pennsylvania Pulverizing Co. v. Butler,* 61 F. 2d 311; *Grammer v. Mid-Continent Petroleum Corp.,* supra.)" (p. 75.)

See, also, 39 C. J. 288, where the rule is stated as follows:

"The master is not compelled to foresee and guard against an accident which reasonable and prudent men would not expect to happen, and where an injury to a servant could not reasonably have been anticipated, a failure to take precautionary measures is not negligence on the part of the master for which he is liable to the servant. But where the facts are such that the consequences attributable to the negligence of a master are within the field of reasonable anticipation, he is liable for an injury received by a servant in consequence thereof."

In view of the rules announced in the foregoing authorities we shall examine this petition. The petition first alleged that plaintiff worked in a freezer room that was kept at a temperature of fourteen to twenty-eight degrees below zero and that livers from freshly killed animals were brought into this room. It is a matter of common knowledge that packing houses must of necessity maintain freezer rooms. No negligence appears in this allegation. Plaintiff next alleges that the livers were placed upon a table and an electric

fan caused a current of air to play upon them and plaintiff worked in the air current blown across this table. This allegation must be considered in connection with the next allegation that this method had been discarded by all packing houses for many years prior to the time when plaintiff worked for defendants. Plaintiff argues that the negligence of defendants consisted in not discarding this method when the other packing houses discarded it. The trouble with that argument is that it does not point out an allegation to the effect that the new method adopted by other packing houses was less apt to cause plaintiff to contract a disease than the method used by defendants. Furthermore, this court could not hold that it was negligence for a company operating a packing house to fail to install some new machinery or method of handling its products as soon as some other packing house did so. The entire industry makes progress by the trial-and-error method. It would be a harsh rule which would hold that what was lawful one day was a negligent method the next day because some other packing house had conceived of a new method and decided to try it out. Certainly there is no allegation in this petition there was anything negligent about the manner in which this method was carried on. It should be noted that this petition later on contains an allegation that "the system used by them was old, worn and out of date." This allegation was the subject of a motion to make definite and certain by stating in what respects the method was antiquated and the particular style and character of equipment which plaintiff claimed defendants should have used. This motion was resisted by plaintiff and overruled by the trial court. Here was an opportunity offered plaintiff to supply the lack in the allegations just noted. Since the plaintiff resisted a motion to make definite and certain the petition must be strictly construed against him. (See *Schauner v. Wichita Sporting Goods Co.*, 146 Kan. 892, 73 P. 2d 1023; also, *State Highway Comm. v. American Mut. Liability Ins. Co.*, 146 Kan. 187, 76 P. 2d 20.)

The petition next alleges that the plan followed by defendants required plaintiff to pass back and forth from the freezer room where the temperature was very low and where he was required to wear heavy clothing into a room where the temperature was higher without affording him a chance to change clothing each time and this subjected him to sharp changes in his bodily temperature.

It does not appear from the allegations of the petition that this practice was in any way negligent.

When this petition is critically examined, outside of the adjectives that are used and are no more than the pleader's conclusion, it does not appear to state anything more than that plaintiff worked for defendants in a packing house and became ill. No violation of any reasonable rule of conduct is stated.

The judgment of the trial court is reversed with directions to enter judgment for defendants.