RAY MORRIS, *Appellee*, v. DINES MINING COMPANY, a
Corporation, *Appellant*.

No. 38,760

ERNEST SHOOK, *Appellee*, v. DINES MINING COMPANY, a
Corporation, *Appellant*.

No. 38,761

WILLIAM P. COTTER, *Appellee*, v. DINES MINING COMPANY, a
Corporation, *Appellant*.

(256 P. 2d 129)

Opinion filed April 11, 1953.

*R. L. Letton*, of Pittsburg, argued the cause, and *P. E. Nulton*, of Pittsburg, was with him on the briefs for the appellant.

*Daniel J. Leary*, of Joplin, Missouri, argued the cause, and *Joe L. Henbest* of Columbus, and *Sylvan Bruner* and *Morris Matuska*, both of Pittsburg, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: These are three separate actions against the Dines

Mining Company, a corporation, to recover damages for personal injuries in which the respective plaintiffs allege that while employed by defendant and as a result of its negligence they sustained injuries which caused them to contract the occupational disease of silicosis. The appeals, consolidated for purposes of appellate review by agreement of the parties, are from orders of the trial court overruling demurrers to the three petitions.

In their briefs and on oral argument counsel for the divers parties concede the allegations of the involved petitions are identical in substance, if not in form, that the actions may be regarded as commenced on the same date, and that the question whether the trial court erred in overruling the demurrers to the petitions may be treated and disposed of as if only one appeal and a single petition were involved. Therefore, we shall proceed on that basis, pointing out in advance that in doing so subsequent use of the terms "plaintiff" or "appellant," as the case may be, is intended to apply and has reference to each and every person appealing from the decisions rendered by the court below.

This action was commenced on November 28, 1950, by the filing of a petition which, omitting formal averments, allegations relating to the amount of damages claimed, and its prayer, reads:

"Plaintiff states that from July, 1946, to February 20, 1950, he was employed with the defendant as a miner in its underground mines located in Cherokee County, Kansas; that during the period of his employment with the defendant, plaintiff was required to work in said underground mines of the defendant, which were continuously laden with large and harmful quantities of silica dusts; that during the period plaintiff was required to work in said mines, the work that was being done there continually caused, created and generated such quantities of silica dusts as to be dangerous and deleterious to employees of the defendant, and particularly the plaintiff, all of which the plaintiff alleges the defendant knew, or by the exercise of reasonable care should have known.

"Plaintiff further states that by reason of his work in said conditions as aforesaid, he was exposed to and did inhale and breathe said dusts in harmful quantities over the period of time he was employed by defendant, and that by reason of such inhalations and absorptions, the same varying from day to day, and by reason of the latent, gradual, cumulative and progressive effect thereof, plaintiff was caused to be injured and he did contract fibrosis, silicosis and silica-tuberculosis. His ability to resist disease has been impaired. The functions of his lungs and entire system have been impaired. He suffers from general weakness, coughing spells, chills, loss of strength, nervousness and shortness of breath. His ability to perform work and labor have been impaired. The functions of his heart have been impaired. He suffers from great physical pain and mental anguish. He has lost his wages in the sum of $45.00 per week. He suffers and will in the future continue to suffer from pains in his

chest, back, and lungs. That all of said conditions are lasting and permanent and are likely to become progressively worse in the future.

"Plaintiff states that his said injuries as aforesaid, were directly caused by defendant's negligence and carelessness in that the defendant: (1) failed to provide adequate ventilation in said mines; (2) failed to provide and maintain adequate blower systems or suction fan systems to remove said harmful and deleterious dusts; (3) failed to provide the plaintiff with a safe place in which to work; (4) failed to warn the plaintiff of the dangers of said employment; (5) failed to provide the plaintiff with an adequate breathing device or respirator to prevent the inhalation of said dusts; (6) failed to wet down the dirt and minerals so as to prevent silica dusts from arising therefrom and thus avoid injuring plaintiff; (7) failed to allow sufficient time to elapse after shots had been fired in said underground mines for the purpose of loosening rock and ore, before ordering plaintiff to work in said mines; (8) failed to install blowers in the headings where plaintiff worked to provide him with sufficient air and ventilation; (9) failed to provide proper, adequate, and sufficient water lines, hoses, connections, and water for wetting down the dirt and mineral so as to prevent silica dusts from arising therefrom and thus avoid injuring plaintiff; (10) and defendant, through its superintendent, H. W. Weidman, and through its ground boss, Melvin Maynard Thomas, did order plaintiff and other men in its employ to 'pop boulders' and shoot charges on shifts, and such was actually done pursuant to such directions."

Following the filing of the petition defendant moved that its allegations be made more definite and certain in certain particulars. Thereupon it demurred to that pleading on grounds (1) it failed to state facts sufficient to constitute a cause of action and (2) that if under its allegations any cause of action was stated the same arose and accrued more than two years prior to the date of the filing of the action and was barred by the statute of limitations. When the demurrer was overruled defendant perfected this appeal in which, under proper specifications of error, it contends both grounds of its demurrer were meritorious and should have been sustained.

At the outset it may be stated that appellant relies upon certain basic fundamental principles of substantive law to sustain its position the trial court erred in overruling each ground of the demurrer and then, anticipating but not conceding the possibility its contentions with respect thereto might not be upheld, relies upon certain rules of pleading and practice, established by our decisions, as sustaining its position notwithstanding. Therefore, for reasons so obvious as to preclude the necessity for stating them, we shall first dispose of contentions advanced respecting the basic fundamental principles of law on which appellant depends.

Broadly stated the gist of the first contention advanced on the

subjects now to be considered is that the petition fails to state a cause of action because Kansas is a common law state (G. S. 1949, 77-109) and neither the common law of England nor our decisions have ever recognized the right of an employee to maintain an action for injuries due to occupational diseases. We are not impressed with the thought that in order to maintain a common law action in this day and age it is necessary to find its counterpart in the English common law. Be that as it may, we are unable to agree with appellant's conclusion respecting lack of authority to sustain the maintaining of an action such as is here involved. Without attempting to exhaust the subject it may be said, although it may be conceded loose statements may be found to the contrary, we are convinced that at common law (see *e. g.*, 35 Am. Jur., Master & Servant, 534 § 106; 56 C. J. S., Master and Servant, 885 § 187b; *Jones v. Rinehart,* 113 W. Va. 414, 168 S. E. 482; *Steiner et al, v. Spencer,* 24 Tenn. App. 389, 145 S. W. 2d 547; *Wolf v. Mallinckrodt Chemical Works,* 336 Mo. 746, 81 S. W. 2d 323; 105 A. L. R., Anno. 80), as well as under our own decisions (see *Echord v. Rush,* 124 Kan. 521, 261 Pac. 820; *Fritchman v. Chitwood Battery Co.,* 134 Kan. 727, 8 P. 2d 368; *Allen v. Shell Petroleum Corp.,* 146 Kan. 67, 68 P. 2d 651; *Walker v. Colgate-Palmolive-Peet Co.,* 157 Kan. 170, 139 P. 2d 157), an employee has a right of action on account of diseases, occupational or otherwise, contracted by him in the course of his employment and attributable to negligence of his employer. That, it may be added, is the theory on which the instant case is based. Therefore, appellant's contentions the petition failed to state a cause of action on the premise above stated cannot be upheld. This, we may also add, is so even though it be assumed, as appellant suggests, that in the Kansas cases just cited the instrumentality or substance involved was inherently poisonous. We understand the test for determining liability does not depend on the nature of the substance involved but whether the disease arising from the employment was due to the employer's negligence.

Appellant next directs our attention to our statute of limitations (G. S. 1949, 60-306, Third) providing that an action such as is here involved can only be brought within two years after the cause of action shall have accrued and points out the petition specifically alleges that the alleged negligent acts of the appellant commenced with the inception of appellee's employment and continued during the entire period of such employment by reason of which he con-

tracted silicosis. We note the petition goes further than that and alleges he inhaled and breathed silica dusts in harmful quantities over the entire period of time he was employed and that by reason of such inhalations and absorptions, the same varying from day to day, and by reason of the latent, gradual, cumulative and progressive effect thereof, during all that period of time, he was caused to be injured and did contract such disease.

Appellant then argues in substance that with a statute of limitations such as ours the established rule is the injury to appellee was complete when the alleged negligence of the appellant caused the appellee to first inhale the deleterious silica dusts and that therefore, since it is alleged such dusts were first inhaled more than two years prior to the date of the commencement of the action, the petition shows upon its face that it is barred by the statute of limitations. We do not care to subscribe to that doctrine. Nor do we deem it necessary in disposing of the present question to labor the authorities on which we base that conclusion. It suffices to say we have examined the decisions relied on by appellant in support of its position, those cited by appellee as supporting a contrary view and many others, to which neither of the parties have referred, and that after giving all of them careful consideration we have concluded the rule on which appellant relies is not supported by the better reasoned decisions or by the weight of authority. It follows it cannot be said the petition shows on its face the appellee's cause of action is barred by the statute of limitations because it discloses he first inhaled the dusts in question under the conditions and circumstances therein set forth more than two years prior to the date such pleading was filed.

Appellant's remaining contentions respecting the sufficiency of the petition are all based upon the rule, which it seeks to invoke in aid of its construction of that pleading, that where material parts of a petition are properly attacked by a motion to make definite and certain and the motion is successfully resisted such pleading, as to those parts, is thereafter subject to critical analysis and must be strictly construed against the pleader when subsequently tested by a general demurrer.

The foregoing rule, which it must be conceded has been recognized and applied in this jurisdiction under some conditions and circumstances (see e. g., *Dodd v. Wilson & Co., Inc.,* 149 Kan. 605, 88 P. 2d 1116; *Mathews v. Cook,* 170 Kan. 462, 226 P. 2d 849), springs from our code of civil procedure which requires a petition

to state the facts constituting the cause of action in ordinary and consise language, without repetition (G. S. 1949, 60-704), and, in order to insure such a pleading, provides that where its allegations are so indefinite and uncertain that the nature of the charge or defense is not apparent, the court or judge may require them to be made definite and certain (G. S. 1949, 60-741). However, it must be remembered such rule is limited in its application and, when conditions warrant or require it, must yield to other rulings of pleadings and practice, also bottomed upon our code of civil procedure, which are equally well established and of even more importance when used as guides in determining the sufficiency of pleadings.

Based on what has been heretofore stated it appears that before attempting to dispose of contentions relating to the questions now under consideration we should first determine and have in mind rules which limit the force and effect to be given, and even go so far as to make inapplicable, the doctrine of strict construction on which appellant relies to sustain its position.

With respect to when a motion to make a petition more definite and certain will lie under provisions of the code to which we have heretofore referred this court, although it may be conceded cases may be found which have strayed from the principle, long ago announced the sound, and what we may add is the laudable, rule contemplated by the statute when in *Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590, we held:

"The motion to make definite and certain lies only when the pleading attacked is so indefinite and uncertain that the nature of the charge or defense is not apparent. (Civ. Code, § 122.) This does not mean indefinite and uncertain according to the refinements and technicalities of the common-law system of pleading, and a pleading is sufficient as against the motion which fairly apprises the adversary of what the claim or defense is." (Syl. ¶ 1.)

And said:

"The motion to make definite and certain is available when the pleading is so indefinite and so uncertain that the nature of the charge or defense is not apparent. (Civ. Code, § 122.) In the early days of the code, while the courts still rested under the spell of the refinements and technicalities of the common-law system of pleading, the motion to make definite and certain was a formidable weapon, because definiteness and certainty then meant dividing between the north and northwest portions of a hair. The true meaning of the code expression, 'so indefinite and uncertain that the nature of the charge or defense is not apparent,' was not grasped. Now that pleadings are regarded according to their true purpose of fairly apprising the adversary of what the claim is to be, the function of the motion is much restricted. . . ." (p. 257.)

For other and more recent decisions recognizing and applying the principle announced in the foregoing decision see *McCroskey v. Manufacturing Co.*, 112 Kan. 434, 435, 211 Pac. 133; *Allison v. Borer*, 131 Kan. 699, 293 Pac. 769; *Hasty v. Bays*, 145 Kan. 463, 465, 66 P. 2d 265; *Henderson v. National Mutual Cas. Co.*, 164 Kan. 109, 187 P. 2d 508; *Walton v. Noel Co.*, 167 Kan. 274, 276, 205 P. 2d 928.

Respecting the conditions and circumstances under which the doctrine of strict construction has application the general rule in this jurisdiction is well established. It is that the doctrine has no application where a pleading, or such portion thereof as is attacked by a motion to make more definite and certain, is sufficient and the motion is properly overruled (see *Powell v. Powell*, 172 Kan. 267, 239 P. 2d 974; *Lawellin, Admr., v. Eakins*, 174 Kan. 319, 255 P. 2d 615, this day decided). More specifically, when stated and applied in connection with contentions such as are here advanced, it is that the rule of strict construction on demurrer does not apply if a petition, when challenged by a motion to make definite and certain, fairly apprises the adversary what the claim is to be. (See e. g., *Henderson v. Mutual Cas. Co.*, supra; *Hasty v. Bays*, supra; *Walton v. Noel Co.*, supra; *Republic County v. Guaranty Co.*, supra.)

Thus it appears, the primary question presented by contentions advanced on the present phase of the appeal is whether the material portions of the petition, challenged by its motion to make definite and certain, fairly apprised appellant of the nature of appellee's claim. It should perhaps be stated, even though to do so may open the door to a charge of pedantism, that if they do the motion was properly overruled and appellee is entitled to have the petition liberally construed in his favor and, that on the other hand, if they do not it should be strictly construed against him.

Contentions advanced regarding the failure of the petition to state a cause of action on the grounds now under consideration are two-fold. Nevertheless they may be considered and disposed of together. In a general way it may be stated that the basic foundation on which each is premised is that the petition was subject to a motion to make more definite and certain; that the motion to make more definite and certain was proper and should have been sustained; that such motion having been improperly overruled the petition was thereafter subject to critical analysis and must be strictly construed; and that so construed such pleading failed to state a cause of action. Specifically, appellant's first contention is

that its motion to make averred acts of negligence set forth in the petition more definite and certain was erroneously overruled and that therefore, when strictly construed, the petition does not contain an actionable charge of negligence. When analyzed the gist of the second is the overruling of the portion of its motion asking that the petition be made more definite by stating the date on which appellee contracted silicosis was also erroneous hence, when strictly construed and absent the benefit of inferences and assumptions that during the initial two years of appellee's employment he did not contract silicosis, that pleading must be construed as stating he contracted such disease more than two years prior to the date the action was commenced.

Having set forth the petition at length and indicated the essence of the motion we do not believe it will add anything to the body of our law or serve any useful purpose to either labor the averments of the petition or further detail the contents of the motion to make that pleading more definite and certain. So far as the appellant's claim the petition fails to state any actionable grounds of negligence is concerned we are satisfied that when all its allegations are construed together that contention lacks merit and cannot be upheld. Nor can we agree with its claim the petition must be construed as showing appellee contracted silicosis more than two years prior to the date of the filing of the action. Heretofore we have indicated that pleading specifically alleges that while employed from July, 1946, to February 20, 1950, due to the alleged negligent acts of appellant during all of that time, appellee inhaled and breathed silica dusts in harmful quantities over such entire period of time and that by reason of such inhalations and absorptions the same varying from day to day, and by reason of the latent, gradual, cumulative and progressive effect thereof, during all that period of time, he was caused to be injured and did contract fibrosis, silicosis and silica-tuberculosis. From these allegations it seems clear the theory on which the petition was drawn is that appellee contracted the disease in question about February 20, 1950, which, it may be noted, was less than two years from the date on which the action was instituted. So construed, particularly in view of the mandate of the statute ( G. S. 1949, 60-736) providing that in the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties, we are constrained to hold such pleading is not to be construed as showing upon its face the

cause of action therein stated accrued more than two years prior to the date of the filing of the action and was therefore barred by the statute of limitations. Moreover, and we are now referring to each of the two contentions last above considered, we are convinced that when surveyed in its entirety the petition fairly apprises the appellant of the nature of the appellee's claim. In that situation, based on the authorities to which we have heretofore referred, the conclusions that such pleading was not vulnerable to the motion to make more definite and certain, that the trial court did not err in overruling it, and that the petition is still subject to a liberal construction become inescapable. When thus construed, we have little difficulty in concluding the petition states a cause of action and that the matters which appellant seeks to have adjudicated on the basis of the trial court's ruling on the demurrer must be raised as defenses by way of answer. Whether appellee can prove the allegations of his petition or appellant establish defenses with respect thereto are not matters with which we are presently concerned. All that is needed for purpose of this appellate review is to ascertain and hold—as we now do—that under the facts, conditions and circumstances set forth in the petition and referred to at length in the opinion, the trial court did not err in overruling the demurrer to that pleading. This means the judgments from which appeals were perfected in Cases Nos. 38,759, 38,760 and 38,761 must be affirmed.

It is so ordered.