No. 41,354

HARVEY COE, *Appellee*, v. CLYDE WILLIAM DEMARS, *Appellant*.

(339 P. 2d 72)

Opinion filed May 16, 1959.

*Jack N. Stewart*, of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, H. G. Engleman*, and *C. Stanley Nelson*, all of Salina were with him on the briefs for the appellant.

*Frank M. Lewis, Jr.*, of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for personal injuries sustained by the plaintiff as a result of an automobile collision at the intersection of two streets in the city of Salina.

Defendant first challenged the petition by a motion to strike certain portions of that pleading and to make other portions thereof more definite and certain. This motion was overruled in part and sustained in part.

Thereupon plaintiff filed an amended petition. This pleading complied with all rulings made on the motion and, except for deletions, contained factual allegations similar to those set forth in the petition.

Thereafter defendant demurred to the amended petition on the ground it failed to state facts sufficient to constitute a cause of action. This demurrer was overruled.

Subsequently defendant perfected an appeal from the order overruling the demurrer and, as the statute (G. S. 1957 Supp. 60-3314a) permits, from the ruling, made more than two months before, on the motion to strike and make more definite and certain.

Omitting formal averments, recital of divers acts of negligence relied on, allegations relating to the extent of the injuries sustained and the prayer, portions of the amended petition, pertinent to dis-

position of the claims made by the appellant with respect to the ruling on the demurrer, read:

"That in the northern residential part of Salina, Kansas there is a 32 foot concrete paved and curbed street running east and west known as Hamilton Street. This street is intersected at one point by another 32 foot concrete paved and curbed street running north and south known as Tenth Street, and the intersection where these streets come together is an open intersection, with respect to traffic control, and there are no control signals or signs of any type.

"The condition of said streets and intersection were as above described on or about the 19th day of February, 1955, about the hour of 3:00 o'clock P. M., when plaintiff was driving his 1954 De Soto automobile east on Hamilton street and approaching said intersection. That at all times material herein, plaintiff was driving said automobile at a lawful rate of speed and entirely upon the right half, or south side, of said roadway. That upon approaching said intersection plaintiff slowed his automobile to a speed of about fifteen miles per hour, and after looking to the left and right, and observing neither the defendant nor any other traffic, either in or approaching said intersection, he entered said intersection from the west. That after entering said intersection, plaintiff looked again to his left, and for the first time observed the defendant's 1950 Buick automobile, which was then about 15 feet to his left and approaching from the north at a dangerous and excessive rate of speed, and in such propinquity to plaintiff that plaintiff could take no action to avoid an accident. That as a result thereof, when plaintiff's automobile was approximately midway into said intersection, and upon the south side thereof, the defendant carelessly, negligently and recklessly drove the front of his automobile into, upon and against the automobile belonging to plaintiff; striking the plaintiff's automobile near the center door post on the left hand side of said automobile, and next to the place where plaintiff was seated, with such force and violence as to cause severe and permanent injuries to plaintiff, as hereinafter set forth."

Error assigned in the overruling of one paragraph of his motion to strike, which we pause to note was combined with his motion to make more definite and certain, has been abandoned by appellant, hence it requires no further attention and we proceed on that theory.

The first claim of error advanced by appellant is that the trial court erred in overruling paragraphs 2, 3, 4, 5 and 6 of his motion to make more definite and certain.

Nothing would be gained by detailing the motion or discussing *seriatim* the paragraphs involved. It suffices to say that a careful examination of such paragraphs discloses that some of them sought to have appellee set out the details making up the ultimate facts alleged while others relate to matters of defense which appellant could have pleaded by way of answer. Moreover, the heretofore

quoted portions of the petition not only disclose the allegations of that pleading advised appellant fully of appellee's claim and the relief sought but also make it appear the trial court's ruling on such motion did not prejudice his rights. Under such circumstances appellant's complaints with respect to the ruling on the motion come squarely within the universal rule of this jurisdiction that motions to make definite and certain rest so much in the sound discretion of the trial court that rulings with respect thereto will not be reversed unless it appears they have prejudiced or will prejudice the substantial rights of a party (See, *e. g., Broberg v. Boling,* 183 Kan. 627, 331 P. 2d 570; *Smith v. Wright,* 180 Kan. 584, 586, 305 P. 2d 810).

Next, citing *Elliott v. Peters,* 163 Kan. 631, 185 P. 2d 139; *Arensman v. Kitch,* 160 Kan. 783, 165 P. 2d 441; *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822; *Fullington v. Goodrich,* 169 Kan. 11, 216 P. 2d 817, appellant argues that, since the motion to make more definite and certain was resisted and the above mentioned paragraphs thereof were overruled, the petition must be construed *strictly* as though appellee has pleaded as favorably to his own position as he can plead. It must be conceded that when existing conditions warrant, the authorities cited as sustaining appellant's position so hold. The trouble from his standpoint is that a motion to make definite and certain does not lie when the pleading attacked is sufficiently definite and certain to make the nature of the charge apparent and that a petition which fairly apprises the defendant of what the plaintiff's claim is to be is not subject to a motion to make more definite and certain. When that is the situation, where the motion to make more definite and certain is properly resisted and overruled, the decision on which appellant relies have no application and the attacked pleading is subject to a liberal construction. ( *e. g.,* see *Morris v. Dines Mining Co.,* 174 Kan. 216, 221, 222, 256 P. 2d 129; *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n,* 174 Kan. 498, 503, 256 P. 2d 872; *Gillen v. Stangle,* 175 Kan. 364, 264 P. 2d 1079; *Parrack v. Wittman,* 180 Kan. 193, 302 P. 2d 1005; *Marshall v. Duncan,* 182 Kan. 540, 322 P. 2d 762.)

Having reached the conclusion the amended petition is entitled to a liberal construction we have no difficulty in concluding its allegations are sufficient to withstand appellant's third and final claim of error that it fails to state a cause of action against him for negligent operation of his automobile at the involved inter-

section. We have even less difficulty in rejecting an additional contention that such pleading shows on its face that appellee was guilty of contributory negligence which precludes his recovery as a matter of law.

Finally it should be stated that in reaching the conclusions just announced we have disregarded, not overlooked, contentions advanced by appellant respecting the existence of defensive facts and circumstances which he seeks to have considered and reviewed in connection with the ruling complained of. Indeed, we have purposely refrained from discussing such matters in order to avoid saying anything which might prejudice either of the parties in a trial, after joinder of issues, on the merits of the cause. Whether appellee can sustain the burden of proving the allegations of his amended petition or appellant establish the defenses, urged in connection with questions pertaining to the propriety of the rulings on the motion to strike and on the demurrer, are not matters with which we are presently concerned under the limited appellate issues involved.

The judgment is affirmed.