No. 41,524

CHARLES T. BATES, JR., *Appellee,* v. L. R. ALLISTON, *Appellant.*

(352 P. 2d 16)

Opinion filed May 14, 1960.

*Kirke C. Veeder,* of Independence, argued the cause, and *Rex A. Lafferty* and *Steven W. Rogers,* both of Fredonia, were with him on the briefs for the appellant.

*Charles E. Henshall,* of Chanute, argued the cause, and *T. D. Hampson,* of Fredonia, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's order overruling defendant's general demurrer to plaintiff's petition.

While the demurrer included an additional provision requesting that judgment be entered, it was not presented to the trial court or mentioned in the notice of appeal, and we shall therefore consider it abandoned.

The petition in pertinent part stated that plaintiff owned and occupied the southeast quarter of section 14, township 28, range 14 east of the 6th P. M. in Wilson county, and defendant owned and occupied the west half of the same section. The petition further alleged:

"4. That Plaintiff's above described real estate was enclosed by a good and sufficient fence with the fence separating Plaintiff's above described property from the Defendant's above and described property being a barbed wire fence of nine (9) strand: Composed of No. Reg. gauge barbed wire tightly strung and stapled on fence posts set at least twenty (20) inches in the ground and approximately eight (8') feet apart; that said strands of barbed wire were approximately seven inches (7") apart and parallel to one another; said fence was approximately five and one half feet (5½') in height throughout its extent; that said fence on said date was in good condition.

"5. That immediately East of the aforesaid fence separating the Southwest Quarter (SW ¼) and the Southeast Quarter (SE ¼) of the aforesaid section and paralleling said fence a distance of 8 feet from said fence Plaintiff, on October 31, 1957 had erected an electric fence, which said electric fence imparted an electrical charge when contacted, which said electrical charge was designed to repel beasts enclosed within said Southeast Quarter (SE ¼) of said section.

"6. That on October 31, 1957 Plaintiff had confined within his above described real estate a seven (7) year old polled registered black Angus bull whose registered name was Home Place Island Eilenmeere.

"7. That on October 31, 1957 Defendant was the owner of a mature, fully developed Hereford bull possessing a large horns, which said bull Defendant placed in his pasture on his above described real estate.

"8. That during the night of October 31st-November 1st, 1957, Defendant's aforesaid bull broke through, invaded and trespassed upon Plaintiff's above described close; did engage Plaintiff's aforesaid bull and did inflict upon Plaintiff's bull injuries from which Plaintiff's bull later died."

This is another case where the petition, attacked by a demurrer, fairly apprised the adversary of the nature of the claim and is therefore subject to liberal construction. (In connection with this rule, see *Otto v. Swartz*, No. 41,838, 186 Kan. 689, 352 P. 2d 12, this day decided.)

G. S. 1949, 29-101, provides in part:

"All fields and enclosures shall be enclosed with a fence sufficiently close, composed of . . . posts and wire. . . ."

G. S. 1949, 29-105 reads in part:

"That in addition to the fence now declared by law to be a legal fence, the following shall be a legal fence: A barbed-wire fence, of not less than three wires, with third wire from the ground not less than forty-four inches nor more than forty-eight inches from the ground, and bottom wire not more than twenty-four inches nor less than eighteen inches from the ground, with center wire equidistant . . . between . . . to be securely fastened to posts, which shall not be more than two rods apart and not less than twenty inches in the ground. . . ."

G. S. 1949, 29-402 provides that if any neat cattle shall break into any enclosure and the owner is aggrieved thereby, he may apply to the fence viewers of the township to examine the fence and investigate the subject of damages but he must give at least one day's notice to the owner of the trespassing animal as to when this will be done.

G. S. 1949, 29-408 provides that the owner of such enclosure may take such trespassing animal into possession until all damages recovered in any court of competent jurisdiction are paid.

We are unable to see the similarity between this petition and those involved in *Wilson v. Rule,* 169 Kan. 296, 219 P. 2d 690, and *Abbott v. Howard,* 169 Kan. 305, 219 P. 2d 696, discussed by the parties and it would serve no purpose here to point out the many dissimilarities except to state briefly that those cases involved collisions between automotive vehicles on the highway and domestic animals loose on such highway. In any event there is no resemblance between this petition and the ones there involved. In this appeal we are concerned only with the sufficiency of the allegations of the petition before us.

The petition sufficiently alleged a cause of action and this is another one of those cases where the issues should be joined, submitted to the trier of the facts, and judgment entered.

Affirmed.