No. 41,838

FLORENCE H. OTTO, *Appellee,* v. HOWARD A. SWARTZ, Trustee of Frank J. Swartz Trust, *Appellant.*

(352 P. 2d 12)

Opinion filed May 14, 1960.

*Robert T. Stephan,* of Wichita, argued the cause, and *Harry W. Saums, Herbert H. Hopper,* and *Eugene L. Pirtle,* all of Wichita, were with him on the briefs for the appellant.

*Rodney H. Busey,* of Wichita, argued the cause, and *Lester C. Arvin* and *Kay K. Arvin,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order and judgment overruling a demurrer to a petition.

Plaintiff commenced the action in the district court of Sedgwick County by filing a petition the provisions of which, so far as pertinent to the issue involved, read:

"2. That on or about October 18, 1933, Frank J. Swartz, father of this plaintiff, executed an express living funded trust, naming his four (4) children, Howard A. Swartz, Edith I. Swartz, Ruth L. Manley and Florence H. Otto, the beneficiaries of said trust, copy of which is attached hereto marked Exhibit 'A' and made a part of this petition except for Schedule A thereof which is not in plaintiff's possession. That since the inception of said trust agreement, the trust property has changed from time to time and at present the trust property consists of the following, but not limited thereto, to-wit:

(Here follows description of numerous tracts of real estate.)

"3. That the purpose of said trust is to provide the aforementioned beneficiaries with all the income from said trust and so much of the principal for the maintenance, welfare, comfort or happiness of said beneficiaries.

"6. That the grantor, Frank J. Swartz, appointed Howard A. Swartz, one of the present beneficiaries, to act as sole trustee over the trust estate.

"8. Plaintiff further alleges that the present trustee, Howard A. Swartz, has not carried out the provisions of said trust, more specifically, that he has withheld large sums of money, the exact amount of which is unknown but believed to be over Fifty Thousand Dollars ($50,000.00) from the beneficiaries; and has failed and neglected to keep adequate books and records and to advise beneficiaries of all transactions incident to administration of said trust.

"9. That the present value of said trust is unknown but estimated to be over three-quarters of a million dollars and consists of various holdings of real property and improvements in Wichita, Sedgwick County, Kansas; that because of the considerable size and value of said trust, the duties of the trustee are of such a complex nature that the trustee should be a resident of the State of Kansas, and for the further reason that absence from the State of Kansas precludes proper attention to the trust.

"10. That the present trustee, Howard A. Swartz, has moved from the State of Kansas and has established his home and residence in the State of California and because of the same is unable to carry out the provisions of said trust, . . .

"12. That a general accounting should be rendered from the commencement of said trust to the present . . . and that said trustee be required to pay into said trust all sums of money unaccounted for."

Following the foregoing allegations, and others omitted because they are not regarded as essential to a decision of the order and judgment appealed from, the petition prays, among other things, for an accounting of the trust by Howard A. Swartz and that he be permanently removed from his office as trustee.

So far as they relate to the powers, duties and obligations of the trustee in his administration of the trust estate important provisions of the *inter vivos* trust agreement, identified as Exhibit "A" and attached to and made a part of the petition, read:

"THIRD: . . .

"(a) The Trustee shall pay out of the income of the trust estate, or out of the principal thereof, if at any time there be insufficient income, all the taxes, assessments, insurance, interest, charges, advancements, costs of administration of such trust, including compensation of the said Trustee as hereinafter provided, and all costs and expenses (in the Trustee's opinion necessary and advisable) incurred for the benefit, preservation, repairs, maintenance, improvements or protection of the trust property or any part thereof.

"The Trustee is authorized to reserve from each months income such an amount as when added to an equal amount from the income of each succeeding month will create a reserve sufficient to pay taxes and other known expenses on said real estate when due. Said Trustee shall also have the power in his discretion to reserve from distribution of the income of said trust property each year an amount not to exceed twenty-five per cent (25%) of the years income to be held in a reserve fund to be used in the preservation or improvement of said trust property or to be distributed among the said beneficiaries in the discretion of the said Trustee.

"(b) The Trustee shall pay to the sisters of the grantor, ANNA KATHERINE SCHWARTZ and EMMA AUGUSTA SCHWARTZ, or their survivor, during the lifetime of the survivor of said sister, the sum of Fifty Dollars ($50.00) per month to be paid from the income of said trust estate, or, if the income is not sufficient, then from the principal thereof.

"(c) The remaining net income from this trust estate, after fulfilling paragraphs (a) and (b), shall be distributed in convenient installments, preferably monthly, to Grantor's children, HOWARD A. SWARTZ, EDITH I. SWARTZ, RUTH L. MANLEY and FLORENCE H. OTTO, share and share alike, during the lifetime of the last survivor of said children. . . .

. . . . . . . . . . . . . . .

"FOURTH: If, at any time during the continuance of this trust, it is necessary or advisable to use some portion of the principal for the maintenance, welfare, comfort or happiness of Grantor's children, HOWARD A. SWARTZ, EDITH I. SWARTZ, RUTH L. MANLEY and FLORENCE H. OTTO, or for the education of the surviving issue of any deceased child of the Grantor, the Trustee is hereby authorized and empowered to use as much of the principal as in the discretion of the Trustee is necessary or advisable to be used to meet such conditions.

The foregoing provisions in this paragraph shall be construed liberally so that Grantor's children and the children of deceased children shall be amply provided for during the continuance of this trust and said provision shall be construed with particular liberality in relation to any increase in the corpus of this trust estate. . . .

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"SEVENTH: The Trustee shall keep books of account showing all transactions relating to the trust funds held by the Trustee under this Trust Agreement and shall also, in each year, furnish to each beneficiary interest in the trust or trusts, a statement showing how such trust funds are invested, and all transactions relating thereto, subsequent to the last preceding annual account."

After the filing of the petition the defendant attacked that pleading by a motion to strike and to make more definite and certain which was overruled in all particulars. Later a second motion to make the petition more definite and certain was overruled.

Subsequently defendant demurred to the petition on grounds (1) the court had no jurisdiction of the person of the defendant or the subject of the action; (2) that the plaintiff had no legal capacity to sue; (3) that the petition did not state facts sufficient to constitute a cause of action; and (4) that such pleading showed upon its face that plaintiff's action was barred by the statute of limitations. Upon presentation of the demurrer the defendant announced in open court that he relied only on paragraph Three thereof. Thereupon, after consideration of the demurrer on that basis, the court found that the petition contained facts sufficient to state a cause of action and overruled the demurrer. Following that action defendant perfected the instant appeal under a notice of appeal reciting that he appealed from the order and decision overruling the demurrer, and from all orders made and entered in the cause. And, in this court, he prosecutes the appeal under a single specification of error charging that the trial court erred in overruling the demurrer and holding that the petition stated a cause of action in favor of the plaintiff and against the defendant.

Notwithstanding the limitations of his notice of appeal and specification of error appellant presents arguments to the effect the trial court erred in overruling his motion to make the petition more definite and certain and to strike certain of its allegations and in overruling his second motion to make the same pleading more definite and certain. We are not concerned with claims of error respecting the propriety of these rulings for, under our decisions, when rulings of such character are not particularly specified in

the notice of appeal they are not subject to appellate review. See, e. g., *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 305 P. 2d 849; *O'Brien v. Jones,* 183 Kan. 170, 326 P. 2d 257; *Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022. Moreover it is to be noted that, even if they had been included in the notice of appeal, such rulings would not be here subject to review because the trial court's action with respect thereto is not specified as error (*Jeffers v. Jeffers,* 181 Kan. 515, 517, 313 P. 2d 233; *Russell v. American Rock Crusher Co.,* 181 Kan. 891, 898, 317 P. 2d 847; *Zinn v. Hill Lumber & Investment Co.,* 176 Kan. 669, 272 P. 2d 1106).

We are not disposed to here labor contentions advanced by the parties as to whether the involved petition is subject to a strict or liberal construction in view of the rulings overruling the motions to make more definite and certain. Much has been written on that subject and in all fairness it should be said that upon examination of the petition and after a review of our decisions (See, e. g., *Morris v. Dines Mining Co.,* 174 Kan. 216, 221, 222, 256 P. 2d 129; *Parrack v. Wittman,* 180 Kan. 193, 302 P. 2d 1005; *Marshall v. Duncan,* 182 Kan. 540, 322 P. 2d 762; *Coe v. DeMars,* 184 Kan. 780, 782, 339 P. 2d 72; and cases there cited) we are inclined to the view that under the existing facts and circumstances this is a case where the petition fairly apprised the adversary (appellant) of the nature of the claim and is therefore subject to liberal construction, notwithstanding the overruling of such motions. Indeed support for such a conclusion is to be found in the appellant's own brief where it is said "this is not an action to set aside the Trust Agreement, but is an action to remove the trustee for failure to perform his duties." Be that as it may, it is neither necessary nor required that we resort to liberal construction in order to dispose of the instant appeal.

It suffices to say that when strictly construed the petition (see Paragraph Eight heretofore quoted) in plain and concise language charges appellant with acts and conduct which, if established by competent evidence, violate his duties and obligations as trustee under the Seventh Paragraph (also heretofore quoted) of the trust agreement. Therefore, since for purposes of ruling on the demurrer all well-pleaded allegations of the petition must be accepted as true, such paragraph, standing alone, is sufficient to state a cause of action against him for his removal from that position and is all that is required to uphold the trial court's action in overruling the demurrer. The universal rule of this jurisdiction is that if a petition

states a cause of action on any theory, even though it contains other allegations which do not do so, it is sufficient to withstand a general demurrer (*Richey v. Darling,* 183 Kan. 642, 331 P. 2d 281; and authorities cited at page 644 of its opinion; *Dugger v. State Highway Commisson,* 185 Kan. 317, 319, 342 P. 2d 186).

Finally it should be stated that in reaching the conclusions heretofore announced we have disregarded, not overlooked, arguments advanced by the parties touching the merits of the cause. Whether appellee can sustain the burden of proving the allegations of her petition or appellant establish defenses with respect thereto in a trial, after joinder of issues by proper pleadings, on the merits of the cause are not matters with which we are presently concerned. All that is required for purposes of this appeal, under the limited issues involved, is to ascertain and hold—as we do—that under the facts, conditions and circumstances set forth in the petition the trial court did not err in overruling a general demurrer to that pleading. This means its order and judgment must be affirmed.

It is so ordered.

WERTZ, J., not participating.