(627 P.2d 349)
No. 51,617

CHARLES W. LINDSAY, *Appellee,* v. ARLON G. COBB, *Appellant.*

Opinion filed May 1, 1981.

*Robert D. Beall,* of Leavenworth, for the appellant.

*Edward J. Chapman, Jr.,* of Leavenworth, for the appellee.

Before JUSTICE MCFARLAND, presiding, SPENCER, J., and RON ROGG, Associate District Judge, assigned.

SPENCER, J.: This is an action in which plaintiff is seeking damages from defendant for injuries to a registered Brangus bull, resulting from a fight with defendant's bull on plaintiff's land. Trial to the court resulted in judgment for plaintiff and defendant has appealed.

Stipulated facts are:

"2. Plaintiff and defendant were adjoining landowners in Leavenworth County, State of Kansas, and at all relevant times a fence was constructed and maintained along the entire property line between the property owned by plaintiff and the property owned by defendant; that said fence was a legal and sufficient partition fence under the terms of the fence law set out at K.S.A. 29-101 through 29-104.

"3. That the damages sought by plaintiff against defendant are for injuries to said bull which occurred on or about June 28, 1974, and resultant damages.

"4. Both plaintiff and defendant maintained the fence between their properties by regularly inspecting and repairing any damage discovered. After the occurrence in question, both parties inspected the fence and failed to find any breaks or other defects."

The conclusion of the trial court was in substance that the owner of an animal which trespasses on land of another, which is protected by a legal fence, is liable for the resulting damage without proof of fault. The amount of damage recoverable is not limited to damage to crops. We concur.

It is to be noted that we are not here concerned with what is commonly referred to as the "herd law," K.S.A. 47-301 *et seq.* Leavenworth County did not adopt the "herd law" until September, 1978. Moreover, the trial court found and the parties

stipulated that the injuries to plaintiff's bull were not the result of negligence on the part of defendant. Such being the case, it cannot be said that defendant's bull was "running at large." See *Cooper v. Eberly,* 211 Kan. 657, Syl. ¶ 5, 508 P.2d 943 (1973). We are, however, concerned with the statutes regarding legal enclosures, or what are commonly referred to as the "fence laws." We take special note of the stipulated fact that, at all relevant times, the fence constructed and maintained along the entire line between the properties owned by these parties was a legal and sufficient partition fence under the provisions of K.S.A. 29-301 *et seq.,* which both parties regularly inspected and maintained.

Defendant's theory in this matter is somewhat difficult to grasp. However, he argues the intent and purpose of the "fence laws" were for the protection of crops and have no application to impounding animals. He suggests that, if the purpose of our "fence laws" was more than protection of crops, the requirements of the "herd law" serve no purpose, and the enactment of the latter was a clear indication of legislative intent that an owner of livestock should be liable for damages occasioned by the trespasses of such stock only when the owner is found to have been negligent.

At common law, an animal owner was held strictly liable for all damages caused by his animal's trespass. See *Miller v. Parvin,* 111 Kan. 444, 447, 207 Pac. 826 (1922). As stated in Casad, *The Kansas Law of Livestock Trespass,* 10 Kan. L. Rev. 55, 56 (1961):

"This rule of strict liability in effect imposed upon the animal owner or possessor a duty to keep the animal off the lands of another at his peril. This duty was not satisfied by the exercise of reasonable care: if the animal trespassed, the owner or other person charged with the animal's control was liable even though he may have been entirely without fault."

In *McAfee v. Walker,* 82 Kan. 182, 185, 107 Pac. 637 (1910), it is stated:

"The common law places the responsibility wholly upon the owner of animals to keep them from his neighbor's premises, and makes him liable for any injury resulting from his failure to do so. The fencing act [citations omitted] changes the rule and requires the neighbor to protect himself from such injury up to a certain point by erecting a fence of a fixed power of resistance."

See also *Railway Co. v. Olden,* 72 Kan. 110, 112, 83 Pac. 25 (1905); *Union Pac. Ry. Co. v. Rollins,* 5 Kan. *167 (1869).

The "fence laws" were followed by the enactment of the "herd law." While the purpose of the "fence laws" is to prevent damage by fencing animals out, the purpose of the "herd law" is to avoid damage by requiring that certain designated animals be fenced in and not allowed to run at large. *Miller v. Parvin*, 111 Kan. 444. In this connection, the enactment of the "herd law" restored common law by making the owner of animals permitted to run at large liable for injuries committed by such animals, regardless of the "fence laws." *McAfee v. Walker,* 82 Kan. at 185-186; *Railway Co. v. Olden,* 72 Kan. at 112.

Recognizing as historical fact the "fence laws" were enacted to require minimum precautions to protect crops from grazing animals otherwise unrestricted, the statutes do not require the conclusion that such was the only purpose. Indeed, were we to adopt defendant's theory, we would be forced to hold that the common law remains unmodified in situations where property other than crops is damaged. Any injury to livestock would thereby be controlled by the common law, making it unnecessary in this case for plaintiff to establish that his animal was protected by a lawful fence. Such would render the defendant liable upon the single stipulation that his bull injured plaintiff's bull on plaintiff's land. This requires too narrow an interpretation of the "fence laws."

The case of *Bates v. Alliston,* 186 Kan. 548, 352 P.2d 16 (1960), was considered on appeal from an order overruling a general demurrer to the plaintiff's petition. The petition alleged that plaintiff and defendant were adjoining landowners; that plaintiff's land was enclosed by a good and sufficient fence which met the requirements of the fence law; that plaintiff's registered black Angus bull was attacked by defendant's bull, which was then trespassing on plaintiff's land; and that plaintiff's bull sustained injuries from which it later died. Following review of various sections of the fence law, and noting that it was concerned only with the sufficiency of the allegations of the petition, the court held that a cause of action had been sufficiently alleged.

We believe *Bates v. Alliston* requires our affirmance of the decision rendered in this case. Further support for our conclusion is to be found in the Casad article where, following a discussion of both the "fence laws" and the "herd law," four basic situations

in which the owner of a trespassing animal is held to strict liability for damage caused by the animal were listed:

"A.) Situations to which the common law rule still applies.

"B.) Where the animal has trespassed upon an enclosure surrounded by a lawful fence.

"C.) Cases falling under the 'freighters and drovers' law, which provides that all damages caused to crops adjacent to the road caused by stock owned by freighters or drovers shall be paid by the stock owner.

"D.) Where swine are being driven along the public highway, in which case the owner is 'responsible for all damages' sustained by 'any person' caused by the swine." 10 Kan. L. Rev. at 64.

The matter now before this court falls squarely within the second enumerated situation. Plaintiff was found to have a legally sufficient fence under the provisions of the "fence laws." Defendant's bull trespassed upon plaintiff's enclosure. Defendant's bull and plaintiff's bull fought, resulting in permanent and serious injury to plaintiff's bull. Under the law and the factual stipulations, defendant is liable to plaintiff for resulting damage.

Affirmed.